# EXHIBIT A



# Texas Department of Insurance

**General Counsel Division (113-2A)**
333 Guadalupe, Austin, Texas 78701 ★ PO Box 149104, Austin, Texas 78714-9104
(512) 676-6585 | F: (512) 490-1064 | (800) 578-4677 | TDI.texas.gov | @TexasTDI

September 28, 2017

**Certified Mail No. 7016 2070 0000 2662 3675**
**Return Receipt Requested**

Richard Fortwengler, Esq.
Standard Guaranty Insurance Company
260 Interstate North Circle, SE
Atlanta, GA  30339

Re:   Cause No. 2017DCL03687-B; styled *Armando De Cruz and Fernando Arturo Flores v.*
      *Standard Guaranty Insurance Company;* in the 138th Judicial District Court, Cameron
      County, Texas

Greetings:

Service of Process has been requested through the Commissioner of Insurance.  Enclosed
please find citation and Plaintiff's Original Petition in the above-referenced matter.  These
documents were served upon the Commissioner of Insurance on September 21, 2017.

Sincerely,

*Tish Wilhelm*

Tish Wilhelm
General Counsel Division
(512) 676-6543

Enclosures

CITATION – PERSONAL SERVICE/ COMMISSIONER OF INSURANCE

# THE STATE OF TEXAS

## 2017-DCL-03687-B

| Armando De Cruz | § | IN THE 138TH DISTRICT COURT |
| VS | § | OF |
| Standard Guaranty Insurance Company | § | CAMERON COUNTY, TEXAS |

TO    **Standard Guaranty Insurance Company
2711 Centerville Road Suite 400
Wilmington DE 19808, GREETING:
by serving in Triplicate Copies to the
Commissioner of Insurance
333 Guadalupe St., Austin, Texas 78714**

**NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney does not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of 38 days after the date you were served this citation and petition, a default judgment may be taken against you."** *TRCP. 736*

You are hereby commanded to appear by filing a written answer to **Plaintiffs' Original Petition** at or before 10:00 o'clock A.M. on the Monday next after the expiration of 38 days after the date of service of this citation before the Honorable 138th District Court of Cameron County, at the Courthouse in said County in Brownsville, Texas. Said **Plaintiffs' Original Petition** was filed in said court on **June 09, 2017**, in the above entitled cause.

2017-DCL-03687-B                Armando De Cruz,Fernando Arturo Flores
                                    vs.
                              Standard Guaranty Insurance Company

The nature of Petitioner's demand is fully shown by a true and correct copy of **Plaintiffs' Original Petition** accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, on this the 12th day of June, 2017.

ATTORNEY:
**BRENNAN M KUCERA**
24076491
210-490-4357
16500 SAN PEDRO SUITE 302
SAN ANTONIO TX 78232

Eric Garza
District Clerk of Cameron County
974 E Harrison Street
Brownsville, Texas,78520

By: _____
Adriana Muñoz

PDF created with pdfFactory Pro trial version www.pdffactory.com

| 2017-DCL-03687-B | Armando De Cruz,Fernando Arturo Flores vs. Standard Guaranty Insurance Company |
|---|---|

## RETURN OF SERVICE

Executed when copy is delivered:
This is a true copy of the original citation, was delivered to defendant _____, on the _____ day of
_____, 20_____.

NAME/ADDRESS FOR SERVICE

_____
_____
_____
_____

_____ Officer
_____County, TX

By:_____Deputy

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## OFFICERS RETURN

Came to hand on the _____ day of _____, at _____o'clock _____m and _____ County, Texas,
by delivering to each of the within named defendants in person, a true copy of this _____ with
the date of delivery endorsed thereon, together with the accompanying copy of the _____ at
the following times and places, to wit:

| NAME | DATE/TIME | PLACE/COURSE/DISTANCE FROM COURTHOUSE |
|---|---|---|
|  |  |  |
|  |  |  |

And not executed as to the defendant(s),_____
The diligence used in finding said defendant(s) being:

_____

and the cause or failure to execute this process is:

_____

and the information received as to the whereabouts of said defendant(s) being:

_____

FEES:
SERVING PETITION/COPY $_____
TOTAL:              $_____

_____ Officer
_____County, TX

By:_____Deputy

_____
AFFIANT

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the
return. The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable or
the clerk of the court, the return shall be signed under penalty or perjury and contain the following statement:
"My name is _____, my date of birth is _____, my address is
_____

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.
EXECUTED in _____ County, State of _____, on the _____ day of _____, 20_____.

_____          _____
ID Number/Expiration of Certification          Declarant/Authorized Process Server

TEXAS DEPARTMENT OF INSURANCE
333 GUADALUPE ST | AUSTIN TX 78701
PO BOX 149104 | AUSTIN TX 78714-9104

RETURN SERVICE REQUESTED

OFFICIAL BUSINESS
STATE OF TEXAS
PENALTY FOR PRIVATE USE

FIRST CLASS MAIL
$007.71
ZIP 73701
041L11/0234

Richard Fortwengler, Esq.
Standard Guaranty Insurance Company
260 Interstate North Circle, SE
Atlanta, GA  30339

7026 2992 0000 0202 3675

# EXHIBIT B

# EXHIBIT B-1

FILED
2017-DCL-03687
6/9/2017 2:41:29 PM
Eric Garza
Cameron County District Clerk
By Linda Munoz Deputy Clerk
17531979

CAUSE NO. 2017-DCL-03687

| | | |
|---|---|---|
| ARMANDO DE CRUZ AND | § | IN THE DISTRICT COURT |
| FERNANDO ARTURO FLORES | § | |
| | § | Cameron County - 138th District Cou |
| V. | § | _____JUDICIAL DISTRICT |
| | § | |
| | § | |
| STANDARD GUARANTY | § | |
| INSURANCE COMPANY | § | CAMERON COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs Armando de Cruz and Fernando Arturo Flores, file this Original Petition against Standard Guaranty Insurance Company ('STANDARD GUARANTY" or "INSURANCE DEFENDANT"), and in support thereof, would show as follows:

### I.
### DISCOVERY CONTROL PLAN LEVEL

Plaintiffs intend for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiffs will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### II.
### PARTIES AND SERVICE

Plaintiffs reside in Cameron County, Texas.

Defendant STANDARD GUARANTY is in the business of insurance in the State of Texas. The insurance business done by INSURANCE DEFENDANT in Texas includes, but is not limited to, the following:

- The making and issuing of contracts of insurance with the Plaintiffs;

1

- The taking or receiving of application for insurance, including the Plaintiffs' application for insurance;

- The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from the Plaintiffs; and

- The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including the Plaintiffs.

This defendant may be served with personal process, by its registered agent, Standard Guaranty Insurance Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808 through Commissioner of Insurance, 333 Guadalupe Street, Tower One, Floor 13, Austin, Texas 78701, or wherever else it may be found.

## III.
## JURISDICTION AND VENUE

Venue is appropriate in Cameron County, Texas because all or part of the conduct giving rise to the causes of action were committed in Cameron County, Texas and the Plaintiffs and property which is the subject of this suit are located in Cameron County, Texas.

Accordingly, venue is proper pursuant to Texas Civil Practice & Remedies Code §15.002.

## IV.
## FACTS

Plaintiffs are the owner of a Texas Homeowner's Insurance Policy (hereinafter referred to as "the Policy"), which was issued by INSURANCE DEFENDANT.

Plaintiffs own the insured property, which is specifically located at 6986 Laguna Del Rey Dr., Brownsville, Texas 78526 (hereinafter referred to as "the Property").

INSURANCE DEFENDANT sold the Policy insuring the Property to Plaintiffs.

During the terms of said Policy, on or about April 24, 2015 under Policy Number SLS07557432231 and Claim Number 00101795785, Plaintiffs sustained covered losses in the

form of wind and/or hail damage and damages resulting therefrom, and Plaintiffs timely reported same pursuant to the terms of the Policy.   Plaintiffs asked that INSURANCE DEFENDANT cover the cost of repairs to the Property pursuant to the Policy.   INSURANCE DEFENDANT failed to conduct a full, fair and adequate investigation of Plaintiffs' covered damages.

As detailed in the paragraphs below, INSURANCE DEFENDANT wrongfully denied Plaintiffs' claim for repairs to the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiffs. Furthermore, INSURANCE DEFENDANT failed to pay Plaintiffs' claim by not providing full coverage for the damages sustained by Plaintiffs.

To date, INSURANCE DEFENDANT continues to delay in the payment for the damages to the Property.

INSURANCE DEFENDANT failed to perform its contractual duty to adequately compensate Plaintiffs under the terms of their Policy. Specifically, INSURANCE DEFENDANT refused to pay the full proceeds of the Policy after conducting an outcome-oriented investigation, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery under the Policy have been carried out and accomplished by Plaintiffs.   INSURANCE DEFENDANT'S conduct constitutes a breach of the insurance contract between it and Plaintiffs.

Pleading further, INSURANCE DEFENDANT misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. INSURANCE DEFENDANT'S conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

INSURANCE DEFENDANT failed to make an attempt to settle Plaintiffs' claim in a

fair manner, although it was aware of its liability to Plaintiffs under the Policy. Its conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

INSURANCE DEFENDANT failed to explain to Plaintiffs any valid reason for its coverage denial and offer of an inadequate settlement. Specifically, it failed to offer Plaintiffs full compensation, without any valid explanation why full payment was not being made. Furthermore, INSURANCE DEFENDANT did not communicate that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiffs' claim. INSURANCE DEFENDANT conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

INSURANCE DEFENDANT failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claim, beginning an investigation of Plaintiffs' claim, and requesting all information reasonably necessary to investigate Plaintiffs' claim within the statutorily mandated time of receiving notice of Plaintiffs' claim. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

Further, INSURANCE DEFENDANT failed to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all necessary information. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

INSURANCE DEFENDANT failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, it has delayed full payment of Plaintiffs' claim and, to date, Plaintiffs have not received full payment for the claim. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS.

CODE §542.058.

From and after the time Plaintiffs' claim was presented to INSURANCE DEFENDANT, its liability to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, it has refused to pay Plaintiffs in full, despite there being no basis whatsoever upon which a reasonable insurance company would have relied to deny the full payment. INSURANCE DEFENDANT'S conduct constitutes a breach of the common law duty of good faith and fair dealing.

Additionally, INSURANCE DEFENDANT knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiffs.

Because of INSURANCE DEFENDANT'S wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the attorney and law firm who is representing Plaintiffs with respect to these causes of action.

## V.
## CAUSES OF ACTION AGAINST INSURANCE DEFENDANT

### A.     BREACH OF CONTRACT

INSURANCE DEFENDANT'S conduct constitutes a breach of the insurance contract between it and Plaintiffs. Defendant's failure and/or refusal, as described above, to pay Plaintiffs adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of the insurance contract with Plaintiff.

### B.     NONCOMPLIANCE WITH TEXAS INSURANCE CODE:

#### 1.     UNFAIR SETTLEMENT PRACTICES

INSURANCE DEFENDANT'S conduct constitutes multiple violations of the Texas

5

Insurance Code, Unfair Settlement Practices: TX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

INSURANCE DEFENDANT'S unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

INSURANCE DEFENDANT'S unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though its liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

INSURANCE DEFENDANT'S unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

   2.    THE PROMPT PAYMENT OF CLAIMS

INSURANCE DEFENDANT'S conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

INSURANCE DEFENDANT'S failure to acknowledge receipt of Plaintiffs' claim, commence investigation of the claim, and request from Plaintiffs all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE

§542.055.

INSURANCE DEFENDANT'S failure to notify Plaintiffs in writing of its acceptance or rejection of the claim within the applicable time constraints constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

INSURANCE DEFENDANT'S delay of the payment of Plaintiffs' claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

## C.    BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

INSURANCE DEFENDANT'S conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds pursuant to insurance contracts.

INSURANCE DEFENDANT'S failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' claim, although, at that time, it knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## VI.
## KNOWLEDGE

Each of the acts described above, together and singularly, was done "knowingly" by INSURANCE DEFENDANT as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

## VII.
## DAMAGES

Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the proximate and producing causes of the damages sustained by Plaintiffs.

7

As previously mentioned, the damages caused by the covered losses have not been properly addressed or repaired in the months since the loss occurred, causing further damage to the Property, and causing undue hardship and burden to Plaintiffs. These damages are a direct result of INSURANCE DEFENDANT'S mishandling of Plaintiffs' claim in violation of the laws set forth above.

For breach of contract, Plaintiffs are entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorney's fees.

For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiffs ask for three times the actual damages. TEX. INS. CODE §541.152.

For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of Plaintiff's claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, losses due to nonpayment of the amount the insurer owed, and exemplary damages.

For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorney in the preparation and trial of this action, including any appeals to the Court

of Appeals and/or the Supreme Court of Texas.

## VIII.

In addition, as to any exclusion, condition, or defense pled by INSURANCE DEFENDANT, Plaintiffs would show that:

The clear and unambiguous language of the policy provides coverage for damage caused by losses made the basis of Plaintiffs' claim, including the cost of access to fix the damages;

In the alternative, any other construction of the language of the policy is void as against public policy;

Any other construction and its use by the INSURANCE DEFENDANT violates the Texas Insurance Code section 541 et. seq. and is void as against public policy;

Any other construction is otherwise void as against public policy, illegal, and violates state law and administrative rule and regulation.

In the alternative, should the Court find any ambiguity in the policy, the rules of construction of such policies mandate the construction and interpretation urged by Plaintiffs;

In the alternative, INSURANCE DEFENDANT is judicially, administratively, or equitably estopped from denying Plaintiffs' construction of the policy coverage at issue;

In the alternative, to the extent that the wording of such policy does not reflect the true intent of all parties thereto, Plaintiffs plead the doctrine of mutual mistake requiring information.

## IX.
## REQUEST FOR DISCLOSURES

Pursuant to the Texas Rules of Civil Procedure 194, Plaintiffs request that INSURANCE DEFENDANT provide the information required in a Request for Disclosure.

## X.
## FIRST REQUEST FOR PRODUCTION TO INSURANCE DEFENDANT

1) Produce the INSURANCE DEFENDANT's complete claim file (excluding all privileged portions) in your possession for Plaintiffs' property relating to or arising out of any damages caused by the loss for which INSURANCE DEFENDANT opened a claim under the Policy.  Please produce a privilege log for any portions withheld on a claim of privilege.

2) Produce all non-privileged emails and other forms of communication between INSURANCE DEFENDANT, its agents, adjusters, employees, or representatives and the adjuster, and/or their agents, adjusters, representatives or employees relating to, mentioning, concerning or evidencing the Plaintiffs' property which is the subject of this suit.

3) Produce any complete claim file (excluding all privileged portions) in the INSURANCE DEFENDANT's possession for the Plaintiffs/insured and/or for the Plaintiffs' property as listed in the Plaintiffs' Original Petition, relating to or arising out of any claim for damages which INSURANCE DEFENDANT opened a claim under any policy.  Please produce a privilege log for any portions withheld on a claim of privilege.

## XI.

As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiffs' counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiffs' counsel states that Plaintiffs seek monetary relief, the maximum of which is below $75,000.00.  The amount of monetary relief actually awarded, however, will ultimately be determined by a jury. Plaintiffs also seek pre-judgment and post-judgment interest at the highest legal rate.

## XII.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request that INSURANCE DEFENDANT be cited to appear and answer herein; that, on final hearing, Plaintiffs have judgment against INSURANCE DEFENDANT for an amount, deemed to be just and fair by the jury, which will be a sum within the jurisdictional limits of this Court; for costs of suit; for interest on the judgment; for pre-judgment interest; and, for such other and further relief, in law or in equity, either general or special, including the non-monetary relief of declaratory judgment against the INSURANCE DEFENDANT, to which Plaintiffs may be justly entitled.

Respectfully submitted,

KETTERMAN ROWLAND & WESTLUND
16500 San Pedro, Suite 302
San Antonio, Texas  78232
Telephone:     (210) 490-7402
Facsimile:     (210) 490-8372


BY:___*Brennan M. Kucera*_____
      Brennan M. Kucera
      State Bar No. 24076491
      brennan@krwlawyers.com
      Kevin S. Baker
      State Bar No. 00797799
      kevin@krwlawyers.com


ATTORNEYS FOR PLAINTIFFS


**PLAINTIFFS REQUESTS A TRIAL BY JURY**

11

# EXHIBIT B-2

Filed
2017-DCL-03687
10/16/2017 10:03 AM
Eric Garza
Cameron County District Clerk
By Janet Lopez Deputy Clerk
20078927

## CAUSE NO.  2017-DCL-03687

| | | |
|---|---|---|
| ARMANDO DE CRUZ AND | § | IN THE DISTRICT COURT |
| FERNANDO ARTURO FLORES, | § | |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | 138TH JUDICIAL DISTRICT |
| | § | |
| STANDARD GUARANTEE | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| | § | |
| **Defendant.** | § | CAMERON COUNTY, TEXAS |

### DEFENDANT'S ORIGINAL ANSWER

Defendant Standard Guarantee Insurance Company files this Original Answer and Requests for Disclosure against Plaintiffs Armando De Cruz and Fernando Arturo Flores as follows:

### I.
### GENERAL DENIAL

1.     Pursuant to Texas Rule of Civil Procedure 92, Defendant asserts a general denial to all claims and causes of action asserted by Plaintiffs and demands strict proof thereof by a preponderance of the evidence.

### II.
### VERIFIED DENIAL

2.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs are not entitled to recovery in the capacity in which they sue.

### III.
### AFFIRMATIVE DEFENSES

3.     Plaintiffs' claims are barred, in whole or in part, because paragraph 2(a)(1) of the

"Perils Insured Against" section of the policy excludes losses caused by freezing, thawing, pressure or weight of water or ice, whether driven by wind or not, to a fence; pavement, patio or swimming pool.

4.      Plaintiffs' claims are barred, in whole or in part, because paragraph 2(a)(2) of the "Perils Insured Against" section of the policy excludes losses caused by freezing, thawing, pressure or weight of water or ice, whether driven by wind or not, to a foundation, retaining wall, or bulkhead.

5.      Plaintiffs' claims are barred, in whole or in part, because paragraph 2(c) in the "Perils Insured Against" section of the policy excludes losses caused by constant or repeated seepage or leakage of water or stream over a period of weeks, months or years from within a plumbing, heating, air conditioning, or automatic fire protective sprinkler system or from within a household appliance.

6.      Plaintiffs' claims are barred, in whole or in part, because paragraph 2(d)(1) of the "Perils Insured Against" section of the policy excludes losses cause by wear and tear, marring, or deterioration.

7.      Plaintiffs' claims are barred, in whole or in part, because paragraph 2(d)(3) of the "Perils Insured Against" section of the policy excludes losses cause by smog-rust, mold, or wet or dry rot.

8.      Plaintiffs' claims are barred, in whole or in part, because paragraph 2(d)(6) of the "Perils Insured Against" section of the applicable policy excludes losses caused by settling, cracking, shrinking, bulging or expansion of pavements, patios, foundations, walls, floors, roofs or ceilings.

9.      Plaintiffs' claims are barred, in whole or in part, because paragraph 2(d)(7) of the

"Perils Insured Against" section of the policy excludes losses caused by birds, vermin, rodents, insects, or domestic animals.

10.     Plaintiffs' claims are barred, in whole or in part, because paragraph 3(b) of the "Perils Insured Against" section of the policy excludes losses caused, directly or indirectly (regardless of any other cause or event contributing concurrently or in any sequence to the loss) by earth movement, meaning earthquake including land shock waves or tremors before, during or after a volcanic eruption; landslide; mudflow; earth sinking; sinkhole, mine subsidence, rising or shifting; unless direct loss by (a) fire; (b) explosion; or (c) breakage of glass or safety glazing material which is part of a building, storm door or storm window; ensues and then we will pay only for the ensuing loss.

11.     Plaintiffs' claims are barred, in whole or in part, because paragraph 3(c) of the "Perils Insured Against" section the policy excludes losses caused, directly or indirectly (regardless of any other cause or even contributing concurrently or in any sequence to the loss) by water damage, meaning: (a) flood, surface water, tidal water, overflow of a body of water, or spray from any of these, whether or not driven by wind; (b) water which back sup through sewers or drains, including water emanating from a sump, pump, sump pump well or similar device designed to prevent overflow, seepage or leakage of subsurface water; or (c) water below the surface of the ground, including water which exerts pressure on or seeps or leaks through a building, sidewalk, driveway, foundation, swimming pool or other structure.

12.     Plaintiffs' claims are barred, in whole or in part, because paragraph 2(a) of the "Coverages" section of the policy excludes any coverage for personal property of any kind.

13.     Plaintiffs' claims are barred, in whole or in part, because paragraph 2(c) of the "Coverages" section of the policy excludes any coverage for fences, retaining walls not

constituting a part of buildings, walks, roadways and other paved surfaces.

14.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lacked standing to assert the claims presented in the Original Petition.

15.     Plaintiffs' claims are barred, in whole or in part, by the doctrines of accord and satisfaction, ratification, consent, settlement, payment, release, acquiescence, unclean hands, and/or *in pari delicto*.

16.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have failed to state a claim or cause of action for punitive damages.

17.     Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver and/or estoppel.

18.     Plaintiffs' claims are barred, in whole or in part, by statutes of limitations and/or the doctrine of laches.

19.     Plaintiffs' claims are barred, in whole or in part, by the filed rate doctrine.

20.     Plaintiffs' claims are barred, in whole or in part, by the doctrines of contributory and/or comparative negligence.

21.     Plaintiffs' claims are barred, in whole or in part, by the economic loss doctrine.

22.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to mitigate their damages.

23.     Plaintiffs' claims are barred, in whole or in part, because any damages suffered by Plaintiffs were caused by the acts and omissions of a party or parties over whom Defendant did not exercise control or right of control.

24.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have failed to state a claim upon which relief can be granted.  Plaintiffs have failed to describe how a denial of

the claim converts, what is in fact, a mere contractual claim into extra-contractual tort claims and causes of action under the Texas Insurance Code.

25.     Plaintiffs' claims are barred, in whole or in part, by the specific terms of the Policy contract.

26.     Plaintiffs' claims and allegations of "bad faith" are barred, in whole or in part, because Defendant's liability to Plaintiffs was not reasonably clear.  A bona fide controversy existed and continues to exist concerning Plaintiffs' entitlement to insurance proceeds from Defendant, and Defendant's liability, if any, has never become reasonably clear.  Accordingly, Defendant has a reasonable basis for denying Plaintiffs' claim.

27.     Defendant avers that any award of punitive damages to Plaintiffs in this case would be in violation of the constitutional rights and safeguards provided to it under the Constitution of the State of Texas and the Constitution of the United States of America including, without limitation, that there are no constraining limitations placed on a jury's discretion in considering the imposition or amount of punitive damages, there are no meaningful trial court and appellate review mechanisms to constitutionally confirm any punitive damage award, and imposition of a punitive damage award would allow a verdict tainted by passion and prejudice.

28.     Imposition of punitive damages in this case would constitute a violation of Defendant's constitutional rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

29.     Imposition of punitive damages in this case would constitute a violation of due process and/or would be a violation of the statutory law of this state providing for a penalty. Plaintiffs are not entitled to an award of punitive damages absent strict compliance with Chapter 41 of the Texas Civil Practice and Remedies Code.

30.     Any award of punitive damages in this case would violate the constitutional rights and safeguards provided to Defendant under the Due Process Clause of the Fourteenth Amendment and/or Fifth Amendment to the Constitution of the United States of America and/or under the Due Course Clause of Article I, Sections 13 and 19 of the Constitution of the State of Texas, in that punitive damages and any method of which they might be assessed are unconstitutionally vague and not rationally related to a legitimate government interest.

31.     Any award of punitive damages in this case would violate the procedural and/or substantive safeguards provided to Defendant under the Fifth, Sixth, Eighth, and/or Fourteenth Amendments to the Constitution of the United States and/or under Article I, Sections 13 and 19 of the Constitution of the State of Texas, in that punitive damages are penal in nature and, consequently, Defendant is entitled to the same procedural and substantive safeguards afforded to criminal Defendants.

32.     Defendant avers that it would violate the Self-Incrimination Clause of the Fifth Amendment to the Constitution of the United States of America and/or Article I, Section 10 of the Constitution of the State of Texas, to impose punitive damages against it, which are penal in nature, yet would compel them to disclose potentially incriminating documents and evidence.

33.     It is a violation of the rights and safeguards guaranteed by the Constitution of the United States of America and/or the Constitution of the State of Texas to impose punitive damages against Defendant which are penal in nature by requiring a burden of proof on Plaintiffs which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases.

34.     Defendant avers that any award of punitive damages to Plaintiffs in this case will violate the Eighth Amendment to the Constitution of the United States and/or Article I, Section 13 of the Constitution of the State of Texas, in that said punitive damages would be an imposition of

an excessive fine.

35.     It would be unconstitutional to award any punitive damages as such would violate the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Sections 13 and 19 of the Constitution of the State of Texas in that:

    a.      Said damages are intended to punish and deter Defendant, and thus this proceeding is essentially criminal in nature;

    b.      Defendant is being compelled to be a witness against itself in a proceeding essentially and effectively criminal in nature, in violation of their rights to due process;

    c.      The Plaintiffs' burden of proof to establish punitive damages in this proceeding, effectively criminal in nature, is less than the burden of proof required in other criminal proceedings, and thus violates Defendant's rights to due process;

    d.      That inasmuch as this proceeding is essentially and effectively criminal in nature, Defendant is being denied the requirement of notice of the elements of the offense and the law and the authorities authorizing punitive damages are sufficiently vague and ambiguous so as to be in violation of the Due Process Clause of the Fifth Amendment and/or the Fourteenth Amendment of the United States Constitution and also in violation of Article I, Sections 13 and 19 of the Constitution of the State of Texas.

36.     Plaintiffs have sustained no injury from the alleged conduct of Defendant.

37.     Plaintiffs' claims are barred, in whole or in part, because Defendant's claim-handling practices and all related activities conformed in every respect to accepted industry standards and practices.

38.     Plaintiffs' claims are barred, in whole or in part, because Defendant would show that there is an inherent mutual duty of good faith in the agreements related to this action and that Plaintiffs may have failed to act in good faith.

39.     There has been no reasonable showing by evidence in the record or proffered by Plaintiffs which would provide a reasonable basis for recovery of punitive damages as required by

Section 41.003 of the Texas Civil Practice & Remedies Code, therefore, that claim should not be allowed to proceed and should be dismissed and in all respects subject to the limitations set forth in Chapter 41 of the Texas Civil Practice & Remedies Code.

40.     Plaintiffs are not entitled to the recovery of attorney's fees and has failed to provide the statutory notices required to show entitlement to the same.

41.     Plaintiff's claims for attorney's fees are barred in whole or in part because Plaintiffs made an unreasonably excessive demand upon Defendant.

42.     Plaintiffs' claims for attorney's fees are barred in whole or in part because Plaintiffs made an excessive demand upon Defendant in bad faith.

43.     Defendant expressly reserves and preserves any and all rights it may have under the Policy or otherwise including, but not limited to, any right they may have to seek appraisal of the claims at issue.

## IV.
## REQUESTS FOR DISCLOSURE

44.     Pursuant to Rule 194, Plaintiffs are requested to disclose, within 30 days of service of this request, the information or material described in Rule 194.2(a)-(i).

Respectfully submitted,

**EDISON, MCDOWELL & HETHERINGTON LLP**

By: */s/ Bradley J. Aiken*
        Bradley J. Aiken
        State Bar No. 24059361
        Anne Kathryn Hunter
        State Bar No. 24104002
First City Tower
1001 Fannin Street, Suite 2700
Houston, Texas 77002
Telephone:  713-337-5580
Facsimile:  713-337-8850
Brad.aiken@emhllp.com
Annekathryn.hunter@emhllp.com

*ATTORNEYS FOR DEFENDANT*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on October 16, 2017, on the following counsel of record by eServe:

Brennan Kucera
Kevin Baker
Ketterman Rowland & Westlund
16500 San Pedro, Suite 302
San Antonio, Texas 78232
Phone:   (210) 490-7402
Fax:       (210) 490-8372
brennan@krwlawyers.com
kevin@krwlawyers.com

*/s/ Anne Kathryn Hunter*
Anne Kathryn Hunter

# EXHIBIT C

# NONE

# EXHIBIT D

# CASE SUMMARY
## CASE NO. 2017-DCL-03687

| | | | |
|---|---|---|---|
| **Armando De Cruz, Fernando Arturo Flores** | § | Location: | **138th District Court** |
| **vs.** | § | Judicial Officer: | **Nelson, Arturo Cisneros** |
| **Standard Guaranty Insurance Company** | § | Filed on: | **06/09/2017** |
| | § | | |

---

### CASE INFORMATION

| | |
|---|---|
| Case Type: | **Debt/Contract - Consumer/DTPA** |

---

| DATE | CASE ASSIGNMENT |
|---|---|

**Current Case Assignment**

| | |
|---|---|
| Case Number | 2017-DCL-03687 |
| Court | 138th District Court |
| Date Assigned | 06/09/2017 |
| Judicial Officer | Nelson, Arturo Cisneros |

---

### PARTY INFORMATION

| | | *Lead Attorneys* |
|---|---|---|
| **Plaintiff** | **De Cruz, Armando** | **KUCERA, BRENNAN M** |
| | | *Retained* |
| | | 210-490-4357(W) |
| | **Flores, Fernando Arturo** | **KUCERA, BRENNAN M** |
| | | *Retained* |
| | | 210-490-4357(W) |
| **Defendant** | **Standard Guaranty Insurance Company** | **AIKEN, BRADLEY JAY** |
| | | *Retained* |
| | | 713-337-5580(W) |

---

| DATE | EVENTS & ORDERS OF THE COURT | INDEX |
|---|---|---|
| 06/09/2017 | Original Petition (OCA) <br> *Plaintiffs' Original Petition* | |
| 06/09/2017 | Efiled Original Petition Document <br> *Plaintiffs' Original Petition* | |
| 06/09/2017 | Cover Letter - Request <br> *Cover Letter* | |
| 06/09/2017 | Civil Case Information Sheet <br> *Civil Case Information Sheet* | |
| 06/12/2017 | Citation Commissioner of Insurance Issued (To Attorney Only) <br> Party:  Plaintiff  De Cruz, Armando <br> Party 2:  Defendant  Standard Guaranty Insurance Company | |
| 06/12/2017 | **Citation - Commissioner of Insurance** <br> Standard Guaranty Insurance Company        served 09/21/2017 | |
| 09/29/2017 | Service Return <br> *Citation on Standard Guaranty Insurance Company* | |

PDF created with pdfFactory Pro trial version www.pdffactory.com

# CASE SUMMARY
## CASE NO. 2017-DCL-03687

| 06/12/2017 | Citation Paid |
|---|---|
| | *Citation Paid* |

| 06/12/2017 | Clerks Journal |
|---|---|
| | *Fees will be adjusted by bookeeping, 2x$8.00 fees were paid, correct fee is $12.00 for 1 Citation through Commissioners of Insurance. Ruth from Atty's office is aware of $4.00 over paid fee. Mary will adjust fees. AM* |

| 10/16/2017 | Original Answer |
|---|---|
| | Party:  Defendant  Standard Guaranty Insurance Company |
| | *Defendant SGIC's Original Answer* |

| DATE | FINANCIAL INFORMATION |
|---|---|

**Defendant**  Standard Guaranty Insurance Company

| | |
|---|---|
| Total Charges | 2.00 |
| Total Payments and Credits | 2.00 |
| **Balance Due as of  10/18/2017** | **0.00** |

**Plaintiff**  De Cruz, Armando

| | |
|---|---|
| Total Charges | 342.00 |
| Total Payments and Credits | 342.00 |
| **Balance Due as of  10/18/2017** | **0.00** |

*Printed on 10/18/2017 at 10:47 AM*

PDF created with pdfFactory Pro trial version www.pdffactory.com

# CIVIL DOCKET – JUDGE'S ENTRIES (Rule 26 – TRCP)

**2017-DCL-03687-B**

| NAME OF PARTIES | PLAINTIFF ATTORNEY | DEFENDANT ATTORNEY | DATE OF FILING |
|---|---|---|---|
| Armando De Cruz,Fernando Arturo Flores<br>vs.<br>Standard Guaranty Insurance Company | BRENNAN M KUCERA<br>24076491<br>1500 SAN PEDRO SUITE 302<br>SAN ANTONIO TX 78232<br>210-490-4357 | | 06/09/2017<br>Debt/Contract -<br>Consumer/DTPA |

| DATE OF ORDERS | COURT'S DOCKET (RULE 26 – TRCP) |
|---|---|
| | |

# EXHIBIT E

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **ARMANDO DE CRUZ AND** | § | |
| **FERNANDO ARTURO FLORES,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO._____** |
| | § | |
| **STANDARD GUARANTY INSURANCE** | § | |
| **COMPANY,** | § | |
| | § | |
| **Defendant.** | § | |

## INDEX OF MATTERS BEING FILED

**Exhibit**

A.  All executed process in the case;

B.  Pleadings asserting causes of action, e.g., petitions, counterclaims, cross actions, third-party actions, interventions and all answers to such pleadings;

    1.  Plaintiff's Original Petition;

    2.  Standard Guaranty Insurance Company's Original Answer;

C.  All orders signed by the state judge;

D.  Docket sheet;

E.  An index of matters being filed;

F.  A list of all counsel of record, including addresses, telephone numbers and parties represented;

G.  Civil Cover Sheet;

H.  Affidavit of Carmen Collazo;

I.  May 17, 2017 Letter of Representation and Estimate.

# EXHIBIT F

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **ARMANDO DE CRUZ AND** | § | |
| **FERNANDO ARTURO FLORES,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO._____** |
| | § | |
| **STANDARD GUARANTY INSURANCE** | § | |
| **COMPANY,** | § | |
| | § | |
| **Defendant.** | § | |

**LIST OF COUNSEL OF RECORD**

| **PARTY** | **ATTORNEY(S)** |
|---|---|
| **Plaintiff:** | **Counsel for Plaintiff:** |
| Armando De Cruz | Brennan Kucera |
| Fernando Arturo Flores | Kevin Baker |
| | Scott Mechler |
| | Ketterman Rowland & Westlund |
| | 16500 San Pedro, Suite 302 |
| | San Antonio, Texas 78232 |
| | Telephone:  (210) 490-7402 |
| | Facsimile:  (210) 490-8372 |
| | |
| **Defendant:** | **Counsel for Defendant:** |
| Standard Guaranty | Bradley J. Aiken |
| Insurance Company | EDISON, MCDOWELL & HETHERINGTON LLP |
| | 1001 Fannin Street, Suite 2700 |
| | Houston, Texas, 77002 |
| | Telephone:  (713) 337-5580 |
| | Facsimile:  (713) 337-8850 |

EXHIBIT G

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| **(b)** County of Residence of First Listed Plaintiff _____ <br> *(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant _____ <br> *(IN U.S. PLAINTIFF CASES ONLY)* <br> NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF <br> THE TRACT OF LAND INVOLVED. |
| **(c)** Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government
        Plaintiff

☐ 2   U.S. Government
        Defendant

☐ 3   Federal Question
        *(U.S. Government Not a Party)*

☐ 4   Diversity
        *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                      *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place <br> of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place <br> of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a <br> Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance <br> ☐ 120 Marine <br> ☐ 130 Miller Act <br> ☐ 140 Negotiable Instrument <br> ☐ 150 Recovery of Overpayment <br> & Enforcement of Judgment <br> ☐ 151 Medicare Act <br> ☐ 152 Recovery of Defaulted <br> Student Loans <br> (Excludes Veterans) <br> ☐ 153 Recovery of Overpayment <br> of Veteran's Benefits <br> ☐ 160 Stockholders' Suits <br> ☐ 190 Other Contract <br> ☐ 195 Contract Product Liability <br> ☐ 196 Franchise | **PERSONAL INJURY** <br> ☐ 310 Airplane <br> ☐ 315 Airplane Product <br> Liability <br> ☐ 320 Assault, Libel & <br> Slander <br> ☐ 330 Federal Employers' <br> Liability <br> ☐ 340 Marine <br> ☐ 345 Marine Product <br> Liability <br> ☐ 350 Motor Vehicle <br> ☐ 355 Motor Vehicle <br> Product Liability <br> ☐ 360 Other Personal <br> Injury <br> ☐ 362 Personal Injury - <br> Medical Malpractice | **PERSONAL INJURY** <br> ☐ 365 Personal Injury - <br> Product Liability <br> ☐ 367 Health Care/ <br> Pharmaceutical <br> Personal Injury <br> Product Liability <br> ☐ 368 Asbestos Personal <br> Injury Product <br> Liability <br> **PERSONAL PROPERTY** <br> ☐ 370 Other Fraud <br> ☐ 371 Truth in Lending <br> ☐ 380 Other Personal <br> Property Damage <br> ☐ 385 Property Damage <br> Product Liability | ☐ 625 Drug Related Seizure <br> of Property 21 USC 881 <br> ☐ 690 Other | ☐ 422 Appeal 28 USC 158 <br> ☐ 423 Withdrawal <br> 28 USC 157 <br><br> **PROPERTY RIGHTS** <br> ☐ 820 Copyrights <br> ☐ 830 Patent <br> ☐ 835 Patent - Abbreviated <br> New Drug Application <br> ☐ 840 Trademark | ☐ 375 False Claims Act <br> ☐ 376 Qui Tam (31 USC <br> 3729(a)) <br> ☐ 400 State Reapportionment <br> ☐ 410 Antitrust <br> ☐ 430 Banks and Banking <br> ☐ 450 Commerce <br> ☐ 460 Deportation <br> ☐ 470 Racketeer Influenced and <br> Corrupt Organizations <br> ☐ 480 Consumer Credit <br> ☐ 490 Cable/Sat TV <br> ☐ 850 Securities/Commodities/ <br> Exchange <br> ☐ 890 Other Statutory Actions <br> ☐ 891 Agricultural Acts <br> ☐ 893 Environmental Matters <br> ☐ 895 Freedom of Information <br> Act |
| **REAL PROPERTY** <br> ☐ 210 Land Condemnation <br> ☐ 220 Foreclosure <br> ☐ 230 Rent Lease & Ejectment <br> ☐ 240 Torts to Land <br> ☐ 245 Tort Product Liability <br> ☐ 290 All Other Real Property | **CIVIL RIGHTS** <br> ☐ 440 Other Civil Rights <br> ☐ 441 Voting <br> ☐ 442 Employment <br> ☐ 443 Housing/ <br> Accommodations <br> ☐ 445 Amer. w/Disabilities - <br> Employment <br> ☐ 446 Amer. w/Disabilities - <br> Other <br> ☐ 448 Education | **PRISONER PETITIONS** <br> **Habeas Corpus:** <br> ☐ 463 Alien Detainee <br> ☐ 510 Motions to Vacate <br> Sentence <br> ☐ 530 General <br> ☐ 535 Death Penalty <br> **Other:** <br> ☐ 540 Mandamus & Other <br> ☐ 550 Civil Rights <br> ☐ 555 Prison Condition <br> ☐ 560 Civil Detainee - <br> Conditions of <br> Confinement | **LABOR** <br> ☐ 710 Fair Labor Standards <br> Act <br> ☐ 720 Labor/Management <br> Relations <br> ☐ 740 Railway Labor Act <br> ☐ 751 Family and Medical <br> Leave Act <br> ☐ 790 Other Labor Litigation <br> ☐ 791 Employee Retirement <br> Income Security Act <br><br> **IMMIGRATION** <br> ☐ 462 Naturalization Application <br> ☐ 465 Other Immigration <br> Actions | **SOCIAL SECURITY** <br> ☐ 861 HIA (1395ff) <br> ☐ 862 Black Lung (923) <br> ☐ 863 DIWC/DIWW (405(g)) <br> ☐ 864 SSID Title XVI <br> ☐ 865 RSI (405(g)) <br><br> **FEDERAL TAX SUITS** <br> ☐ 870 Taxes (U.S. Plaintiff <br> or Defendant) <br> ☐ 871 IRS—Third Party <br> 26 USC 7609 | ☐ 896 Arbitration <br> ☐ 899 Administrative Procedure <br> Act/Review or Appeal of <br> Agency Decision <br> ☐ 950 Constitutionality of <br> State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1   Original
        Proceeding

☐ 2   Removed from
        State Court

☐ 3   Remanded from
        Appellate Court

☐ 4   Reinstated or
        Reopened

☐ 5   Transferred from
        Another District
        *(specify)*

☐ 6   Multidistrict
        Litigation -
        Transfer

☐ 8   Multidistrict
        Litigation -
        Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
_____

Brief description of cause:
_____

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION**
    UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:

JURY DEMAND:   ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____        DOCKET NUMBER _____

DATE _____        SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# EXHIBIT H

## AFFIDAVIT OF CARMEN COLLAZO

STATE OF FLORIDA          )
                                      )
COUNTY OF MIAMI DADE )

I, Carmen Collazo, Claims Director for Standard Guaranty Insurance Company, after being duly sworn by the undersigned notary public, state that I am over the age of 21, of sound mind, and fully competent and duly authorized to make this statement on behalf of Standard Guaranty Insurance Company. Standard Guaranty Insurance Company is a Delaware corporation with its principal place of business in Atlanta, Georgia.

_Carmen Collazo_
Carmen Collazo

Subscribed and sworn to before me on this _19_ day of _April_, 2017.

_____
Notary Public, for State of Florida

Printed Name: _Suzana Cisneros_

SUZANA CISNEROS
NOTARY PUBLIC
STATE OF FLORIDA
Comm# FF194454
Expires 2/9/2019

# EXHIBIT I

KETTERMAN | ROWLAND | WESTLUND

ATTORNEYS AT LAW

KRW

George Grant †TX          Matthew D. Ketterman †TX          Kurt A. Pollom †TX
Kevin S. Baker †TX          Matthew D. Ketterman TX, MN          Courtney R. Potter †TX
Philip G. Bernal♦TX          Brennan M. Kucera TX, LA          Jake S. Rogiers TX
Perry J. Dominguez II †TX          Michelle C. Le TX, CO          Michael R. Rowland TX
Taylor W. Harper TX          Desiree Marrufo TX          Brian C. Steward♦ TX
Joshua S. Hatley TX          Chris Mazzola TX          Cole Thompson TX
Kris Hufstetler TX          Jay Moore TX          Ryan A. Todd TX, DC
David M. Kelner PA, NV, NJ          Robert F. Mulhearn III LA          R. Scott Westlund TX

♦Board Certified - Personal Injury Trial Law Texas Board of Legal Specialization

May 17, 2017

Standard Guaranty Insurance Company                    *VIA EMAIL brad.aiken@emhllp.com*
260 Interstate North Cir Se
Atlanta, GA  30339

Re:     Our Client:     Armando De Cruz
         Claim No.:      00101795785
         Policy No.:     SLS07557432231
         Date of Loss:   4/24/2015

Dear Sir/Madam:

This firm represents Armando De Cruz in connection with the above-referenced claim, under his insurance policy (the "policy"), for damages to his property sustained as a result of a loss covered under the policy and for which you opened a claim (the "loss").

Mr. De Cruz purchased a policy of insurance from you or from your representatives.  It was represented to our client that this policy of insurance was in full force and effect for the policy period, and that any and all claims made by the insured would be handled in a manner consistent with the guidelines set forth in the Texas Insurance Code.  Our client is also a "person" under the Texas Insurance Code with standing to bring claims under the Texas Insurance Code.

As you know,  Mr. De Cruz has made claims under the policy of insurance sold to him by you.  It has been requested that your representatives conduct an immediate and thorough investigation of the hail and/or wind damage and claims made by the insured.  The presence of hail and/or wind damage also implicates damages and costs for testing, evaluation, and repair of the premises.

To date, the handling of the claims for damage has resulted in significant problems for our client.  You assigned the claim to an adjuster, and despite being given authority and instructions to inspect, adjust and evaluate the claim, the adjuster failed to properly inspect the property and the damages.  Further, both you and the adjuster failed to request information, failed to adequately investigate the claim, failed to respond to requests for information from the insured, failed to timely evaluate the claim, and failed to timely estimate the claim.  As well, the adjuster failed to timely and properly report to you and make recommendations to you regarding payment.  As a result, Mr. De Cruz had his claim delayed and now you have denied full, appropriate payment for the damages.

MAIN OFFICE - SAN ANTONIO
16500 SAN PEDRO #302
SAN ANTONIO, TX 78232
P: (210) 490-4357
F: (210) 490-8372

ABILENE
104 PINE ST STE 304
ABILENE, TX 79601
P: (325) 437-2424
F: (325) 437-3837

AUSTIN
701 BRAZOS ST #710
AUSTIN, TX 78701
P: (855) 579-5299
F: (888) 916-1717

BEAUMONT
755 S 11TH ST #270
BEAUMONT, TX 77701
P: (855) 579-5299
F: (888) 916-1717

HOUSTON
4801 WOODWAY #155
HOUSTON, TX 77056
P: (855) 579-5299
F: (888) 916-1717

LAKE CHARLES
427 KIRBY ST
LAKE CHARLES, LA 70601
P: (855) 579-5299
F: (888) 916-1717

PHILADELPHIA
1500 JFK BLVD #1730
PHILADELPHIA, PA 19102
P: (855) 579-5299
F: (888) 916-1717

KRWLAWYERS.COM

Standard Guaranty Insurance Company
May 17, 2017
Page 2 of 4

## Claims under Texas Insurance Code

The Texas Insurance Code violations by you and your representatives and/or agents include, but are not limited to:

1. Insurance Code chapter 542, the Prompt Payment Act.

2. Insurance Code § 542.003(b)(5) and 28 TAC § 21.203(5).

3. Insurance Code chapter 541, section 541.060 by, among other things:

- misrepresenting one or more material facts and/or policy provisions relating to coverage;

- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which their liability has become reasonably clear;

- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim under one portion of a policy with respect to which liability has become reasonably clear in order to influence our client to settle her claim with respect to another portion of the policy;

- failing to promptly provide a reasonable explanation of the basis in law or fact for the denial of our client's claims;

- refusing to affirm or deny coverage within a reasonable time;

- refusing to pay our client's claim without conducting a reasonable investigation;

- refusing to conduct a reasonable investigation; and/or

- conducting an outcome-oriented investigation in order to provide a basis to deny the claim or underpay the claim.

The actions by you in violation of the Texas Insurance Code constitute producing causes of damages to our client.

Because of the nature of the claims and the circumstances surrounding the losses in question, your decision to deny the claims even though it is reasonably clear the claims are covered constitutes "knowing" violations of the Texas Insurance Code sufficient to allow the imposition of treble damages.

Furthermore, because of these violations of the Texas Insurance Code, our client is entitled to recover attorney's fees.

Standard Guaranty Insurance Company
May 17, 2017
Page 3 of 4

### Breach of Duty of Good Faith and Fair Dealing:  Bad Faith

In addition, you violated the duty of good faith and fair dealing by refusing to pay the claims in question even though it knew or should have known that it was reasonably clear the claims were covered.  Your breach of the duty of good faith and fair dealing has proximately caused injury and damage to our client.

### Breach of Contract

Moreover, by failing to pay benefits under the policy of insurance, you breached the contract of insurance that existed between it and our client.  As a result, our client is entitled to recover actual damages, consequential damages and attorney's fees pursuant to §38.001 of the Texas Civil Practice & Remedies Code because of your breach of contract.

Accordingly, please allow this correspondence to constitute notice under the Texas Insurance Code of the claim against you.  Please allow this correspondence to also serve as notice pursuant to Chapter 38.001 of the Texas Civil Practice & Remedies Code.

The damages suffered by our client to date include:

| CONTRACTUAL | | | |
|---|---|---|---|
| K Amount Owed | | $ | 10,405.65 |
| 18% P&I | 2 | $ | 3,746.03 |
| 5% PJI | | $ | 1,415.17 |
| Attorney Fees | | $ | 10,377.90 |
| Depreciation | | $ | 2,104.36 |
| Total | | **$** | **28,049.11** |
| | | | |
| **EXTRA CONTRACTUAL** | | | |
| Mental Anguish | | $ | 5,000.00 |
| Treble Damages | | $ | 20,811.30 |
| Attorney Fees | | $ | 17,207.53 |
| Total | | **$** | **43,018.83** |
| | | | |
| **FULL VERDICT VALUE** | | **$** | **71,067.95** |

The additional damages are included because the conduct by you constitutes a "knowing" violation of the Texas Insurance Code, and such a finding allows the imposition of treble damages.

**Please be advised that we would recommend to our client that he accept $35,000.00 as full and complete settlement of his claim. Of course, we reserve the right to adjust this amount**

Standard Guaranty Insurance Company
May 17, 2017
Page 4 of 4

**to conform to the information and additional evidence that will be available to us at the time of trial.**

Attached please find the estimate prepared for our client's outlining the damages as a result of the covered loss.  You have a claim file wherein you have documented the facts surrounding the claim, and which contain the adjuster's notes and estimate(s), among other things.  It is requested that you produce all non-privileged portions of the claim file and our client's policy at this time if you have not already done so.

**This correspondence is an offer of settlement under Rule 408 of the Texas Rules of Evidence and is not admissible for any purpose.**  The purpose of this correspondence is to encourage you to resolve this claim in a fair and equitable manner.

Should you fail to accept this offer of settlement in full within 60 days, said offer will be deemed to have automatically expired.

Thank you for your cooperation and attention to this matter. I look forward to hearing from you in the near future.

Respectfully,

*/s/ Kevin S. Baker*

Kevin S. Baker
San Antonio Office

KSB/
encl. as stated